IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| KAREN ANN VAZQUEZ, | ) | |
| | ) | CV. NO. SA-12-CV-00399-DAE |
| Debtor. | ) | BANKR. NO. 11-52988-LMC |
| _____ | ) | |
| | ) | |
| JOHN PATRICK LOWE, Trustee, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| KAREN ANN VAZQUEZ, | ) | |
| | ) | |
| Appellee. | ) | |
| _____ | ) | |

MEMORANDUM OPINION AND ORDER AFFIRMING BANKRUPTCY
COURT'S ORDER REGARDING OBJECTION TO EXEMPTION

Appellant John Patrick Lowe, Chapter 7 Trustee ("the Trustee"), appeals the February 23, 2012 Order Regarding Objection to Exemption issued by the United States Bankruptcy Court for the Western District of Texas (Bankr. Case No. 11-52988-LMC [hereinafter Bankr. Case], Docs. ## 28, 29). The Bankruptcy Court's Order denied the Trustee's objection to debtor Karen Ann Vazquez's claim of exemption in real property located at 158 Shannon Ridge Drive, Floresville, TX,

1

78114.  (Id.)  Having considered the record and the parties' briefs, the Court **AFFIRMS** the Order of the Bankruptcy Court.

BACKGROUND

On August 15, 2003, Karen Ann Vazquez ("Debtor") created the Karen Ann Vazquez Revocable Living Trust ("Trust").  (Doc. # 5 at 17.)[1]  The trust instrument names Debtor as the sole trustee and states that it is to be governed by the laws of the state of Nevada.  (Id. at 17, 20.)  The Trust does not name any beneficiaries.  (Id. at 17–20.)  However, on August 14, 2005, Debtor signed a Certificate of Appointment of Successor Trustee as both the sole beneficiary and the trustee of the Trust.  (See id. at 21.)  A general warranty deed executed on July 23, 2007 purported to convey title to the real property located at 158 Shannon Ridge Drive, Floresville, TX, 78114 from Debtor to Karen Ann Vazquez, as Trustee of the Karen Ann Vazquez Revocable Living Trust.  (Id. at 28–30.)

On August 31, 2011, Debtor filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code.  (Bankr. Case, Doc. # 1.)  Debtor claimed a homestead exemption in the property located at 158 Shannon Ridge Drive, Floresville, TX, 78114.  (Bankr. Case, Doc. # 1 at 12.)  On November 3,

---

[1] Except where otherwise noted, all citations are to the docket in Cv. No. SA:12-CV-00399-DAE.

2011, the Trustee filed an Objection to Debtor's Schedule C Property Claimed as Exempt. (Bankr. Case, Doc. # 9.) The Trustee objected to the claim of exemption on the basis that the property located at 158 Shannon Ridge Drive is not an asset of the bankruptcy estate because Debtor did not own an interest in the property when the petition was filed. (Doc. # 9 at 1.) In response, Debtor argued that the Trust is invalid and unenforceable because the trustee and the sole beneficiary are one and the same. (Bankr. Case, Doc. # 16.)

In its February 23, 2012 Order, the Bankruptcy Court found that Debtor is both the sole trustee and sole beneficiary of the Trust. (Bankr. Case, Doc. # 29 at 2.) Under Nevada law, a trust is invalid if legal title to the trust property and the entire beneficial interest are united in one person. (Id. at 4 (quoting Restatement (Second) of Trusts § 99, Comment 5 (1959).).) Accordingly, the court held that Debtor owns the property in question free of any trust and denied the Trustee's objection to the claim of exemption. (Bankr. Case, Doc. # 29.) On March 7, 2012, the Trustee timely appealed the Bankruptcy Court's Order to this Court pursuant to 28 U.S.C. § 158(a). (Bankr. Case, Doc. # 30.)

The Trustee submitted the following issues for appeal:

1. Whether the Bankruptcy Court erred in determining the validity of the Karen Ann Vazquez Revocable Living Trust dated August 15, 2003 in a contested matter rather than in an adversary proceeding; and

    2.    Whether the Bankruptcy Court erred in finding and concluding that Karen Ann Vazquez was the sole beneficiary of the Karen Ann Vazquez Revocable Living Trust dated August 15, 2003.

(Doc. # 4 at 1.) The Trustee subsequently waived his first point on appeal, leaving only the second issue for this Court's consideration. (Id. at 3.)

## STANDARD OF REVIEW

A district court reviews a bankruptcy court's findings of fact for clear error. In re Kennard, 970 F.2d 1455, 1457–58 (5th Cir. 1992) (citing In re Multiponics, Inc., 622 F.2d 709, 713 (5th Cir. 1980)); Fed. R. Bankr. P. 8013. Conclusions of law and mixed questions of fact and law are reviewed de novo. In re Nat'l Gypsum Co., 208 F.3d 498, 504 (5th Cir. 2000).

## DISCUSSION

The Trustee challenges as clearly erroneous the Bankruptcy Court's finding that Debtor was the only beneficiary of the Trust. The Trustee argues that several pieces of evidence establish that there were other Trust beneficiaries. First, the trust instrument is "full of references to . . . beneficiaries." (Doc. # 5 at 4.) For example, the Trust provides that the "interests of the Settlor shall be considered primary and superior to the interests of any beneficiary" (id. at 17); the Settlor retains the right to modify or alter the Trust "without consent of the Trustee or any beneficiary" (id. at 18); and upon the Settlor's death, "the remaining Trust assets

shall be distributed to the beneficiaries in the proportionate or allocable amounts as are specified in the schedule of beneficiaries as may then be in force" (id. at 19). The Trustee argues that these provisions "prove[] that there is more than one beneficiary of the Trust and that the Debtor isn't one of those beneficiaries." (Doc. # 4 at 4.)

Second, the Trustee argues that the Certificate of Appointment of Successor Trustee ("Certificate") signed by Debtor on August 14, 2006 establishes that there was more than one beneficiary of the Trust. The Trustee points out that the Certificate begins with the following statement: "We, the undersigned, being all of the Beneficiaries under that certain Agreement . . . dated [A]ugust 15, 2003 . . . do hereby certify that we have this day duly elected [a successor trustee]. . . ." (Doc. # 5 at 21.) According to the Trustee, "[i]f indeed Karen Vazquez had been the only beneficiary of the Trust, the Certificate would not have referred to the signers as 'all of the Beneficiaries' . . . instead it would've referred to Karen Vazquez as 'being the only Beneficiary' of the Trust." (Doc. # 4 at 6.)

The Court concludes that neither the language of the Trust nor the language of the Certificate compels or even supports a finding that there were multiple beneficiaries of the Trust. No beneficiary is named anywhere in the trust instrument, and its repeated boilerplate references to "beneficiaries" do not lead the

5

Court to conclude that the Trust was intended to provide for multiple beneficiaries. Rather, the references to multiple beneficiaries are most likely attributable to the fact that Debtor did not prepare the trust instrument herself; she bought a template for $10 from a business called Nevada Legal Forms and merely filled in blank fields with the date, the name of the Settlor, the name of the Trustee, etc. (See Transcript at 11:3–7.) Similarly, it seems most likely that the Certificate's reference to "all of the Beneficiaries" is a result of poor drafting, particularly since the only person to sign that document on the line labeled "Beneficiaries/Trustee" is Karen Ann Vazquez, Debtor. (Doc. # 5 at 21.)

        The Trustee also contends that Debtor's own statements indicate that she intended for her son to be a beneficiary of the Trust. In response to an interrogatory asking her to declare her reasons for creating the Trust, Debtor stated:

> The one and only reason I created the Living Trust after my divorce was to be sure my son could have access to any assets I owned at the time I die and to avoid probate, so I named my son as Successor Trustee. Probate proceedings in Nevada are lengthy and costly and I only wanted to make things easier for him when I die.

(Bankr. Case, Doc. # 27 Ex. 4 at 1.) According to the Trustee, Debtor's response indicates that she intends for her son to "benefit from the Trust, not merely as Successor Trustee but as a Trust beneficiary," because continuation of the Trust with her son as Successor Trustee would be "pointless" unless Debtor intended for

her son to be its beneficiary. (Doc. # 4 at 5.) At the hearing on Trustee's Objection, counsel for Debtor also indicated that Debtor, if called to the stand, would testify as follows:

> Her motive in putting the trust document together was to ensure that assets that she owned at the time the trust was created would be placed into the trust so that she could avoid probate, her belief being that probate expenses, in the event that she died in Nevada, would be excessive, and as a result, would cut into the trust interest that – and the subsequent inheritance interest that she wished to pass on to her son.

(Transcript at 11:12–20.)

       The Court recognizes that this evidence is consistent with a finding that Debtor meant for her son to be a Trust beneficiary. Debtor's statements indicate that she believed that the property held in trust would pass to her son upon her death without going through probate, which suggests that she believed him to be a beneficiary of the Trust. However, it is undisputed that Debtor's son was not named as a beneficiary anywhere in the Trust. The Trustee himself admits that "one has to read between the lines" in order to conclude that "both Ms. Vazquez and her son are intended as beneficiaries." (Transcript at 28:7–9.) Moreover, when Debtor signed the Certificate that appointed her son as successor trustee, it appears that she believed herself to be the only Trust beneficiary, since she alone signed the Certificate purporting to bear the signature of all beneficiaries. (Doc.

# 5 at 21.)  In light of these facts, Debtor's statements are also consistent with a finding that Debtor did not believe her son to be or intend for him to be a Trust beneficiary, and was simply under the mistaken impression that her property would pass to her son in his capacity as successor trustee.[2]

This Court must "sustain [the Bankruptcy Court's] factual findings absent 'a firm and definite conviction that the bankruptcy court made a mistake.'" In re Ragos, 700 F.3d 220, 222 (5th Cir. 2012) (quoting In re Cahill, 428 F.3d 536, 542 (5th Cir. 2005)).  The evidence pointed to by the Trustee and the record viewed in its entirety do not leave the Court with a firm and definite conviction that a mistake was made.  The Court therefore concludes that it was not clear error for the Bankruptcy Court to find that Debtor was the sole beneficiary of the Trust.  Accordingly, the Bankruptcy Court's conclusion that Debtor holds the Trust property free of any trust is supported by the facts, and the Trustee's Objection must be denied.

---

[2] This case is a poster child for the proposition that one should not rely on prepaid legal forms with boilerplate language for important legal matters.  Had Debtor passed away, it is clear to the Court that the document would not have accomplished what she hoped; indeed, all of the tax consequences she hoped to avoid would have been visited upon her son.  It is also clear that a properly drafted trust prepared by a competent lawyer would have accomplished the goal she sought in the first instance.

CONCLUSION

For the foregoing reasons, the Court **AFFIRMS** the Bankruptcy Court's February 23, 2012 Order Regarding Objection to Exemption.

IT IS SO ORDERED.

DATED: San Antonio, Texas, March 28, 2013.

_____
David Alan Ezra
Senior United States District Judge